IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WEIS,<br><br>      Petitioner,<br><br>v.<br><br>DAVID MITCHELL,<br><br>      Respondent. | Case No. 21-CV-1455-SPM |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

Following a jury trial in September 2020, petitioner Michael Weis was convicted in Madison County, Illinois of three (3) counts of Criminal Sexual Assault in violation of 720 ILCS 5/11-1.20(a)(4), three (3) counts of Child Pornography in violation of 720 ILCS 20.1(a)(4), and two (2) counts of Aggravated Criminal Sexual Abuse in violation of 720 ILCS 5/11-1.6(d). *People v. Weis,* Case No. 2017CF000825 (Third Judicial Circuit). On March 12, 2021, Weis was sentenced to the Illinois Department of Corrections ("IDOC") and he is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville").[1] Weis brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in United States

---

[1] According to the Illinois Department of Corrections Inmate Search, Weis' projected parole date is 07/11/2045.

District Courts. Rule 4 provides that upon preliminary consideration by the district court judge "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Weis challenges the trial court's denial of his motion to suppress. He also raises issues regarding violations of his right to speedy trial; denial of the entrance of exculpatory/impeachment evidence; and, allowance of evidence of Weis' extra-marital affairs and other prejudicial evidence.

Weis cannot challenge his conviction at this time via a § 2254 petition because he even acknowledges that his post-conviction petition in state court is still pending. Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. See 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). Ordinarily, this includes raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. See 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

Although Weis claims "inordinate and indefinite delays" to his sentencing; he was convicted and sentenced during the COVID-19 pandemic. Furthermore, the Illinois Supreme Court issued numerous Orders regarding the State of Emergency issued by Illinois Governor J.B. Pritzker on March 9, 2020, the first of which was issued on March 17, 2020, entitled "In Re: Illinois Courts Response to COVID-19 Emergency". In light of the forgoing, this Court does not hold that Weis faces an inordinate and unjustified delay in attempting to exhaust his state remedies, so it

does not excuse him from the requirement that he pursue state avenues of review before seeking federal relief. *See Sceifers v. Trigg,* 46 F.3d 701, 703 (7th Cir. 1995); *Lane v. Richards,* 957 F.2d 363, 365 (7th Cir. 1992).

Additionally, the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971) directs that, absent special circumstances, this Court should abstain from interjecting itself into pending state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Special circumstances are generally limited to issues of double jeopardy and speedy trial, *Braden*, 410 U.S. at 489-92, which are not presented here as the Illinois Supreme Court issued numerous Orders authorizing continuance of trials and suspending the operation of any Supreme Court Rules.

## DISPOSITION

IT IS HEREBY ORDERED that the Petition for a Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

IT IS THEREFORE ORDERED that a certificate of appealability shall NOT be issued. The Clerk is DIRECTED to enter judgment accordingly and close this case.

If Petitioner wishes to appeal the dismissal of his petition, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal of his petition, Petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: December 30, 2021**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**